(20 Misc. Rep. 112.)

## CHURCH v. MURPHY.

(Supreme Court, Appellate Term. April 26, 1897.)

NEGLIGENCE—EVIDENCE.

    A finding that the elevator in defendant's building was broken by the negligence of defendant, who was one of the tenants of the building, is sustained by evidence that on the day of the injury the elevator was in good condition; that the last use of it was made by defendant in delivering coal to his part of the premises; that about that time the noise of the breaking was heard, and some one on defendant's floor called out, "Is anybody hurt?" and that, from the nature of the injury, the elevator appeared to have been allowed to descend without the use of the check rope to regulate its speed,—though defendant gave evidence that the elevator was · broken by another tenant, who undertook to use it after the delivery of coal was finished.

Appeal from First district court.

Action by William H. Church against Daniel P. Murphy, Jr., for injury to plaintiff's elevator. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John Callahan, for respondent.
Miller & Miller, for appellant.

BISCHOFF, J. The defendant was the lessee of the third and fourth floors of the plaintiff's premises, the remaining lower floors being leased to other parties; and the whole building, as occupied, was used for business purposes, being equipped with a hand-power freight elevator, practicable through all the floors, and maintained by the landlord for the common use of the tenants. This elevator, or its operating gear, became broken; and the plaintiff brought this action to recover from the defendant the amount necessarily expended for repairs, claiming that the injuries were caused by the defendant's handling of the apparatus. The court below found for the plaintiff, and we are called upon to determine whether or not the evidence justified the result. An examination of the record leads to the conclusion that it did. To support his case, the plaintiff showed that this elevator was in good working condition on the day of the injury; that the defendant had used it to facilitate the delivery of coal to his part of the premises; that he was the last person who actually made use of it; that a noise, accompanying its breaking, was heard at about the time in the afternoon when it had been so used; and that some one "on Murphy's floor" had called out, "Is anybody hurt?" An expert witness testified that, from the nature of the injury, the elevator appeared to have been allowed, carelessly, to descend from the fourth story to the basement, where it was found, without use of the check rope to regulate the speed of its descent; and the plaintiff gave testimony that

the defendant had stated to him that the man who delivered the coal had undertaken to pull the car down, and had broken the works. While nothing was shown from which the defendant's responsibility for the coal dealer's act could be inferred, and there was no proof of an agreement between the parties whereby the tenant assumed liability for the negligence of persons using the premises in the usual course of business dealings with him, still we think that the evidence above detailed furnished sufficient proof of the defendant's individual connection with the breaking of the apparatus to call upon him for an explanation of the occurrence, and to support an inference of his negligence, should that explanation be not forthcoming, or be unsatisfactory. 1 Shear. & R. Neg. 59, 60; 2 Thomp. Neg. pp. 1227–1235; Lyons v. Rosenthal, 11 Hun, 46, and cases cited. The explanation given by the defendant was that, after the delivery of coal had ended, the elevator car remained at the fourth floor until the tenant of one of the lower floors pulled the rope, and thereby caused the descending car to come in sudden contact with a closed trap at the third floor; but while this account, if accepted as true, might have absolved the defendant, it was not accepted by the justice, and we should acquiesce in his conclusion as to the credibility of this interested witness, whom he had the advantage—which we have not—of hearing and observing personally. Moreover, the defendant was contradicted by the plaintiff's expert, who testified that this explanation was not borne out by the state in which the apparatus was found; and his testimony that the tenant of a lower floor pulled the rope was inconsistent with the statement, testified to by the plaintiff as having been made by him, that the coal man had set the elevator in motion. The case may have been a close one, of fact and inference; but the determination by the justice was not against the evidence, and cannot be disturbed by this court.

Judgment affirmed, with costs. All concur.